**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THOMAS MIELEWCZYK, aka Tomasz
Mielewczyk,
                            *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                            *Respondent.*

No. 07-74246

Agency No.
A026-825-982

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 2, 2009—Pasadena, California

Filed August 5, 2009

Before: Harry Pregerson, Susan P. Graber, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Wardlaw

10409

## COUNSEL

Sarah K. Jezairian, Snell & Wilmer LLP, Tucson, Arizona, for the petitioner.

Stuart S. Nickum, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

WARDLAW, Circuit Judge:

Thomas Mielewczyk petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") order of removal. The BIA and the IJ found Mielewczyk removable due to his prior state conviction under California Health and Safety Code section

11352(a) for offering to transport heroin. We must decide whether Mielewczyk's section 11352(a) conviction is a "violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)," rendering him removable under 8 U.S.C. § 1227(a)(2)(B)(i). Because the statute of conviction by its own terms is a state law "relating to a controlled substance," and Mielewczyk's conviction involved heroin, a controlled substance as defined in 21 U.S.C. § 802(6), we hold that the BIA correctly found Mielewczyk removable and deny his petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mielewczyk is a native and citizen of Poland who was admitted to the United States as a refugee on June 13, 1984, at the age of thirteen. On October 4, 2005, he received a waiver of criminal grounds for inadmissibility and readjusted his status to lawful permanent residency.

On July 19, 2006, Mielewczyk was charged by information with two felony counts under California law. Count one alleged "possession for sale of a controlled substance, in violation of Health and Safety Code section 11351, a felony." Count two alleged "sale/transportation/offer to sell controlled substance, in violation of Health and Safety Code section 11352(a), a felony." Both counts alleged that the crimes involved "a controlled substance, to wit, Heroin."

Mielewczyk signed a plea agreement that declared he was accused of "Possession of Heroin for Sale" and "Transportation of Heroin." He pleaded guilty to count two, charging a violation of California Health and Safety Code section 11352(a), for the offense of "Transportation of Heroin for Personal Use." Mielewczyk was sentenced to one hundred days in county jail and thirty-six months of probation. Later, at a hearing to correct its prior order, the California Superior Court issued a *nunc pro tunc* order, finding that the factual basis for Mielewczyk's plea was " 'offering' to transport a

controlled substance for the codefendant within the meaning of 11352 of the Health and Safety Code as a felony."

The Department of Homeland Security served Mielewczyk with a Notice to Appear before an IJ for a removal proceeding. The IJ found Mielewczyk removable as charged under 8 U.S.C. § 1227(a)(2)(B)(i), because his section 11352(a) conviction for offering to transport heroin was a violation of a state law relating to a controlled substance. The IJ denied Mielewczyk's application for asylum, withholding of removal, and relief under the Convention Against Torture, as well as his request for voluntary departure.

The BIA also concluded that Mielewczyk was convicted of a removable offense, affirmed the IJ's decision, and dismissed Mielewczyk's appeal. Mielewczyk's timely petition for review raises the sole issue of whether a conviction under California Health and Safety Code section 11352(a) for offering to transport a controlled substance constitutes a removable offense pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).

## II.   JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law when a final order of removal is predicated on a criminal offense. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). "Whether a particular conviction is a [removable] offense is a question of law we review de novo." *Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000). Therefore, we review de novo the BIA's legal conclusion that a state conviction renders an alien removable under 8 U.S.C. § 1227(a)(2)(B)(i). *See id.* Our review is limited to the grounds relied upon by the BIA. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

### III.   DISCUSSION

## A.   Categorical Approach

To determine whether a conviction constitutes a predicate offense for removal purposes, "we use the analytical model constructed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990)." *United States v. Rivera-Sanchez*, 247 F.3d 905, 907 (9th Cir. 2001) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n.4 (2002), *as recognized in United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007). We first apply the categorical approach, examining only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statute of removal. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004).

**[1]** Under 8 U.S.C. § 1227(a)(2)(B)(i), an alien is removable if that alien is "convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." The operative statutory phrase, "relating to a controlled substance," modifies "law or regulation." *See United States v. Meza-Corrales*, 183 F.3d 1116, 1127 (9th Cir. 1999). The ordinary meaning of the term "relate" is "to show or establish a logical or causal connection between." Webster's New International Dictionary 1916 (3d ed. 2002). Thus, we look to the language of the statute of conviction to determine whether it establishes a logical or causal connection to a controlled substance as defined in 21 U.S.C. § 802, section 102 of the Controlled Substances Act ("CSA").

California Health and Safety Code section 11352(a) provides that

> every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers

> to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [certain substances specified within the California Uniform Controlled Substances Act] shall be punished by imprisonment in the state prison for three, four, or five years.

The plain language of the statute establishes a logical connection between the law and certain controlled substances because the offense must involve one of the listed controlled substances. Even offenses that do not require personal contact with the drug have the requisite connection because "we have construed the 'relating to' language broadly," to incorporate laws specifically aimed at controlled substance activity, even if they do not require the use, possession, transportation, or sale of controlled substances. *Luu-Le*, 224 F.3d at 915.

**[2]** Section 11352(a) does not, however, categorically establish a logical connection to a controlled substance as defined in section 102 of the CSA. Section 102 of the CSA defines "controlled substances" as those substances listed in the federal schedules of the CSA. 21 U.S.C. § 802(6). In contrast, California Health and Safety Code section 11352(a) punishes activities involving controlled substances specified in the schedules of the California Uniform Controlled Substances Act. *See* Cal. Health & Safety Code § 11352(a). The California Uniform Controlled Substances Act defines "controlled substance" to include "numerous substances that are not similarly regulated by the CSA." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007). Because the statutory definition of the crime in section 11352(a) embraces activity related to drugs both listed in the CSA and not listed in the CSA, an alien convicted under this statute is not categorically removable under 8 U.S.C. § 1227(a)(2)(B)(i).

## B.   Modified Categorical Approach

We therefore turn to the modified categorical approach to determine Mielewczyk's removability under 8 U.S.C.

§ 1227(a)(2)(B)(i). *See Rivera-Sanchez*, 247 F.3d at 908. Under this approach, we determine whether a conviction constitutes a predicate offense for removal by examining "a narrow, specified set of documents that are part of the record of conviction, including 'the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.' " *Tokatly*, 371 F.3d at 620 (quoting *Rivera-Sanchez*, 247 F.3d at 908). The government has the burden to prove that the conviction involved "a substance that is not only listed under California law, but also contained in the federal schedules of the CSA." *Ruiz-Vidal*, 473 F.3d at 1078.

**[3]** Here, the charging document and plea agreement in the administrative record establish that Mielewczyk's offense involved heroin, a drug listed in Schedule I of the CSA. See 21 C.F.R. § 1308.11(c)(11) (listing "[h]eroin"). Mielewczyk argues that the government cannot prove that his conviction involves a federally controlled substance because the California Superior Court's *nunc pro tunc* order, stating that Mielewczyk pleaded guilty to "offering to transport a controlled substance for the codefendant," does not specify the controlled substance involved. However, the order's silence as to the drug of conviction does not limit our ability to examine other documents in the record of conviction to determine whether the offense involved a drug covered by the federal definition of a controlled substance. Because the charging document and the plea agreement establish that the crime involved heroin, the government has met its burden to prove that Mielewczyk's conviction involved a substance listed in the federal schedules of the CSA. Therefore, Mielewczyk's conviction under California Health and Safety Code section 11352(a) is a "violation of . . . [a] law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1227(a)(2)(B)(i).

**C.   Generic Solicitation Convictions**

**[4]** Mielewczyk argues, that under *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), and *Leyva-Licea v. INS*,

187 F.3d 1147 (9th Cir. 1999), statutes criminalizing solicitation are not laws relating to controlled substances within the meaning of 8 U.S.C. § 1227(a)(2)(B)(i). In *Coronado-Durazo* and *Leyva-Licea,* we held that convictions under generic solicitation statutes do not render an alien removable under 8 U.S.C. § 1227(a)(2)(B)(i), "even when the underlying solicited conduct is a narcotics violation." *Leyva-Licea*, 187 F.3d at 1149; *see also Coronado-Durazo*, 123 F.3d at 1326. However, California Health and Safety Code section 11352(a) is not a generic solicitation statute, unlike the statute at issue in *Coronado-Durazo* and *Leyva-Licea*.

California Health and Safety Code section 11352(a) punishes any person who "transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" certain controlled substances. By contrast, Arizona Revised Statute section 13-1002, the statute at issue in *Coronado-Durazo* and *Leyva-Licea*, punishes any person who, "with the intent to promote or facilitate the commission of a felony or misdemeanor, . . . commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission." Mielewczyk acknowledges the distinction between section 11352 and generic solicitation statutes. Nonetheless, citing *Rivera-Sanchez* and *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1123-24 (9th Cir. 2007), he argues that our case law treats solicitation statutes specifically aimed at controlled substances offenses in the same way as generic solicitation statutes for removability purposes.

In *Rivera-Sanchez*, we held that a conviction under California Health and Safety Code section 11360(a) is not categorically an aggravated felony because section 11360(a) includes solicitation offenses and solicitation is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 247 F.3d at 909. Like-

wise, in *Sandoval-Lua*, we held that a conviction under California Health and Safety Code section 11379(a) is not categorically an aggravated felony because section 11379(a) includes solicitation offenses.[1] 499 F.3d at 1132. These cases are distinguishable. In each, we did not address whether the statute of conviction was generic or specifically aimed at controlled substances because we had previously determined that all solicitation offenses are excluded from the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(B). *See Levya-Licea*, 187 F.3d at 1150. This does not suggest, however, that generic and specific solicitation statutes are to be treated in the same way for all immigration purposes. The inapplicability of *Rivera-Sanchez*'s and *Sandoval-Lua*'s aggravated felony analyses to 8 U.S.C. § 1227(a)(2)(B)(i) was specifically recognized in *Sandoval-Lua*, where the petitioner conceded removability under 8 U.S.C. § 1227(a)(2)(B)(i), while successfully arguing that his section 11379(a) offense was not categorically an aggravated felony. Thus, the distinction between a generic solicitation statute or one specifically aimed at controlled substances is critical when our inquiry is whether the statute of conviction is a state law relating to controlled substances.

**[5]** Our holding in *Coronado-Durazo*, that generic solicitation statutes are not laws relating to controlled substances within the meaning of 8 U.S.C. § 1227(a)(2)(B)(i), does not compel us to conclude that any statute that criminalizes solicitation in part is beyond the scope of § 1227(a)(2)(B)(i). In *Coronado-Durazo*, we held that solicitation under Arizona Revised Statute section 13-1002 does not constitute a removable offense within the meaning of § 1227(a)(2)(B)(i).[2] 123

---

[1]California Health and Safety Code sections 11360(a) and 11379(a) are largely identical to section 11352(a). Section 11352(a) punishes offenses involving "controlled substances formerly classified as narcotics," section 11360(a) punishes offenses involving marijuana, and section 11379(a) punishes offenses involving "controlled substances formerly classified as restricted dangerous drugs."

[2]The petitioner in *Coronado-Durazo* was found removable under 8 U.S.C. § 1251(a)(2)(B)(i), see 123 F.3d at 1324, which was recodified as 8 U.S.C. § 1227(a)(2)(B)(i), *see Luu-Le*, 224 F.3d at 913. For convenience, we refer to this provision by its current citation.

F.3d at 1323. Analyzing § 1227(a)(2)(B)(i) as covering two distinct types of removable offenses, we held that "aliens who have been convicted of violating laws specifically aimed at the regulation or prohibition of controlled substances are [removable], as are aliens who have been convicted of conspiracy or attempt to violate such laws."[3] *Id.* at 1325. The petitioner's offense in *Coronado-Durazo* did not fall under either category because the statute of conviction was a generic solicitation statute, and 8 U.S.C. § 1227(a)(2)(B)(i) "limits convictions for generic crimes that may result in [removal] to conspiracy and attempt." *Id.* Therefore, our statement that "solicitation is not a [removable] offense under [8 U.S.C. § 1227(a)(2)(B)(i)]," *id.* at 1326, applied only to violations of generic solicitation laws.

Likewise, *Leyva-Licea* addresses only generic solicitation statutes. The petitioner there "was convicted in Arizona Superior Court for solicitation to possess marijuana for sale in violation of Ariz. Rev. Stat. §§ 13-1002(A) & 13-3405(A)(2)(B)(5)." 187 F.3d at 1149. Our reference to section 13-3405, which prohibits the possession of marijuana for sale,

---

[3]Two of our sister circuits do not follow the *Coronado-Durazo* approach in analyzing generic solicitation statutes. In *Peters v. Ashcroft*, 383 F.3d 302, 306 (5th Cir. 2004), the Fifth Circuit concluded that a solicitation conviction under Arizona Revised Statute section 13-1002 is related to a controlled substance when the underlying crime is a controlled substance offense. It reasoned that the solicitation offense was not separable from the underlying crime; thus, "there was a sufficient nexus between his solicitation conviction and drug-related laws to satisfy the federal statute." *Id.* at 309.

In *Mizrahi v. Gonzales*, 492 F.3d 156, 163 (2d Cir. 2007), the Second Circuit followed the Fifth Circuit's approach and held that a conviction for solicitation of the sale of drugs under New York's generic criminal solicitation statute was a violation of a state law relating to a controlled substance. The Second Circuit reasoned that the elements of a criminal solicitation offense are defined by both the generic solicitation statute and the statute criminalizing the object of the solicitation. *Id.* at 160. Thus, it concluded that when a drug offense is solicited, a generic solicitation statute is a law relating to a controlled substance. *Id.* at 162.

*see* Ariz. Rev. Stat. § 13-3405(A)(2)(B)(5), indicates the underlying crime that the petitioner solicited. The statute of conviction was Arizona Revised Statute section 13-1002(A), the same generic solicitation statute involved in *Coronado-Durazo*. *Leyva-Licea*, 187 F.3d at 1149.

**[6]** The characterization of Mielewczyk's offense as a solicitation offense[4] does not affect our analysis because, unlike the determination of whether a conviction is categorically an aggravated felony, removability under 8 U.S.C. § 1227(a)(2)(B)(i) does not turn on whether the law includes solicitation offenses. Rather, as explained in *Coronado-Durazo*, removability under § 1227(a)(2)(B)(i) turns on whether the statute of conviction is a law relating to controlled substances. 123 F.3d at 1325. State laws specifically aimed at controlled substance offenses fall within the scope of § 1227(a)(2)(B)(i), and section 11352(a) addresses only conduct involving controlled substances. Thus, Mielewczyk's argument fails.

## D.    Uniform Application of Immigration Law

Mielewczyk also argues that the interest in uniform application of immigration law compels us to conclude that his solicitation offense does not fall within § 1227(a)(2)(B)(i), because similar offenses did not render the petitioners in *Coronado-Durazo* and *Leyva-Licea* removable. We disagree. Both California and Arizona have enacted criminal laws specifically aimed at controlled substances that prohibit offers to transport narcotic drugs. *See* Cal. Health & Safety Code § 11352(a); Ariz. Rev. Stat. § 13-3407(A)(7). Convictions under either statute would render an alien removable because both statutes relate to a controlled substance.

---

[4]We have characterized offering to transport, furnish, and sell controlled substances as solicitation offenses. *See Rivera-Sanchez*, 247 F.3d at 908-09.

**[7]** Moreover, the underlying crimes in *Coronado-Durazo* and *Leyva-Licea*, punished under California law, would not render an alien removable. Solicitation to possess cocaine, the underlying crime in *Coronado-Durazo*, is punishable under California Penal Code section 653f, a generic solicitation statute. *See* Cal. Penal Code § 653f(d). Solicitation to possess marijuana, the underlying crime in *Leyva-Licea*, is not punishable under California Penal Code section 653f or the California Uniform Controlled Substances Act. *See* Cal. Penal Code § 653f(d); Cal. Health & Safety Code §§ 11000-11651. Therefore, convictions for the crimes at issue in *Coronado-Durazo*, in *Leyva-Licea*, and in this case would carry the same immigration consequences whether committed in Arizona or California. That different crimes are similarly described as solicitation offenses does not trigger uniformity concerns when the state laws recognize a meaningful distinction between the crimes.

## IV. CONCLUSION

**[8]** California Health and Safety Code section 11352(a) is a state law relating to a controlled substance. Mielewczyk's charging documents and plea agreement indicate that his offense involved heroin, a federally controlled substance. Therefore, the IJ and the BIA properly concluded that Mielewczyk is removable under 8 U.S.C. § 1227(a)(2)(B)(i).

**PETITION DENIED.**