**Oswaldo Enrique MORENO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–71799.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed Aug. 7, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cindy C. Yu, Esquire, Korenberg Abramowitz & Feldun, a Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, M. Jocelyn Lopez Wright, Mona Maria Yousif, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Oswaldo Enrique Moreno petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's determination that he is removable, inadmissible, and ineligible for adjustment of status under 8 U.S.C. § 1182(a)(2)(A)(i)(II). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

To trigger removability under 8 U.S.C. § 1227(a)(2)(B)(i), the statute of conviction must relate to controlled substances as listed in the federal schedules of the Controlled Substances Act ("CSA"). *Mielewczyk v. Holder,* 575 F.3d 992, 994–96 (9th Cir.2009).[1] The BIA correctly determined that Moreno's conviction for violating California Health and Safety Code § 11352(a) involved a law that relates to controlled substances. *Id.* at 994–95.

However, Moreno's conviction does not categorically constitute a removable or inadmissible offense under 8 U.S.C. §§ 1227(a)(2)(B)(i) or 1182(a)(2)(A)(i)(II),

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The language of § 1227(a)(2)(B)(i) is nearly identical to the language of § 1182(a)(2)(A)(i)(II), and therefore *Mielewczyk*'s analysis applies with equal force to

§ 1182(a)(2)(A)(i)(II). The only difference between the two provisions is § 1227(a)(2)(B)(i)'s exception for "a single offense involving possession for one's own use of 30 grams or less of marijuana," a distinction that is not relevant to Moreno's petition.

because California "defines controlled substance to include 'numerous substances that are not similarly regulated by the CSA.'" *Id.* at 995 (quoting *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir. 2007)). It is therefore necessary to employ the modified categorical approach to determine whether Moreno's conviction involved a federally listed drug. *See id.* at 994–96. The record of conviction before us does not specify the controlled substance involved. Because Moreno's statute of conviction does not categorically define a controlled substance offense, *see id.* at 994–96, we remand to the BIA with instructions to apply the modified categorical approach, in light of *Mielewczyk,* in determining whether Moreno is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

**PETITION GRANTED; REMANDED for further consistent proceedings.**