NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO REYES-ESPITIA, | No. 06-74590 |
| Petitioner, | Agency No. A077-279-970 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 **

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Rigoberto Reyes-Espitia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him ineligible for adjustment of status.  Our

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

JTK/Research

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

Reyes-Espitia's contention that a conviction under California Health & Safety Code § 11360(a) does not categorically constitute a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II) is foreclosed by *Mielewczyk v. Holder*, 575 F.3d 992, 997-98 & n.1 (9th Cir. 2009) (removability based on conviction under a law relating to a controlled substance does not turn on whether the law includes solicitation offenses); *see also Hernandez-Aguilar v. Holder*, No. 06-71945, 2009 WL 4067644 (9th Cir. Nov. 25, 2009) (applying same conclusion to 8 U.S.C. § 1182(a)(2)(A)(i)(II)).

We lack jurisdiction to consider Reyes-Espitia's contention regarding the Federal First Offender Act, 18 U.S.C. § 3607, because he failed to exhaust this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**