**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAGROS CERROS-HENRRIQUEZ, | No. 07-70482 |
| Petitioner, | Agency No. A072-177-101 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Milagros Cerros-Henrriquez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

IH/Research

§ 1252. We review de novo questions of law, *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009). We deny in part and grant in part the petition for review.

The record of conviction establishes that Cerros-Henrriquez's 1993 conviction for violating California Health and Safety Code § 11352(a) ("section 11352(a)") related to cocaine, a federally defined controlled substance. *See United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam) (a clerk's minute order may be considered with the information in applying the modified categorical approach). Cerros-Henrriquez's contention that section 11352(a) is overbroad for the purpose of establishing removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), because it prohibits solicitation to commit a controlled substance related offense, is foreclosed. *See Mielewczyk*, 575 F.3d at 997-98.

The agency concluded that Cerros-Henrriquez's conviction under section 11352(a) was a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and rendered her statutorily ineligible for both asylum and voluntary departure. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i); 1229c(b)(1)(C). The agency made this determination without the benefit of our decision in *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1132 (9th Cir. 2007), where we held that, in the context of the modified categorical analysis, an applicant for relief has met the requirements of 8 C.F.R. § 1240.8(d) where the record of conviction is

inconclusive as to whether the offense constitutes an aggravated felony. We therefore remand for the agency to reconsider petitioner's eligibility for asylum and, if necessary, voluntary departure.

The parties shall bear their own costs on this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**