**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES GARCIA-RUESGA, aka Andres Ruesga, | No. 07-73531 |
| Petitioner, | Agency No. A035-705-787 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: HUG and BYBEE, Circuit Judges, and GWIN,[***] District Judge.

Petitioner Andres Garcia-Ruesga petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Judge's decision ordering him removed to Mexico. He argues that his conviction for "sale/transportation/offer to sell controlled substance" in violation of California Health and Safety Code Section 11352(a) does not render him removable under 8 U.S.C. § 1227(a)(2)(B)(i). We hold that the BIA correctly determined that Garcia-Ruesga committed a removable offense, and dismiss his petition for review for lack of jurisdiction.

An alien is removable if, after admission into the United States, he is "convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in Section 802 of Title 21) . . . ." 8 U.S.C. § 1227(a)(2)(B)(i). In 2004, Garcia-Ruesga was convicted under California Health and Safety Code Section 11352(a), which punishes a person "who transports, imports into this state, sells, furnishes, administers, or gives away, *or offers to* transport, import into this state, sell, furnish, administer or give away, or attempts to import into this state or transport [ ] any controlled substance specified in [various provisions]." CAL. HEALTH & SAFETY CODE § 11352(a) (emphasis added). In order to determine whether Garcia-Ruesga's California conviction qualifies under this removal statute, we use "the analytical model constructed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 [(1990)]." *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009).

Under the categorical approach, California Health and Safety Code Section 11352(a) does not meet the requirements for removability under 8 U.S.C. § 1227(a)(2)(B)(i) because the California statute includes controlled substances not covered by the federal Controlled Substances Act. *See id.* at 995. However, under the modified categorical approach, the indictment from Garcia-Ruesga's California case clearly demonstrates that the controlled substance involved in Garcia-Ruesga's crime was cocaine, which is covered by the Controlled Substances Act. *See* 21 U.S.C. §§ 802(6), 812 Schedule II(a)(4).

Garcia-Ruesga does not dispute that he was convicted of an offense involving a federally controlled substance, and argues only that because the California statute covers *solicitation* to commit a controlled substance violation, *see* CAL. HEALTH & SAFETY CODE § 11352(a), and because the conviction documents do not clarify whether he was convicted of solicitation, the government has not established that Garcia-Ruesga was convicted of a controlled substance offense as defined in 8 U.S.C. § 1227(a)(2)(B)(i). He is incorrect. We explicitly held in *Mielewczyk* that a conviction under the exact California statute at issue in Garcia-Ruesga's case renders an alien removable under 8 U.S.C. § 1227(a)(2)(B)(i) because the California statute is not a generic solicitation statute but rather a statute that, "by its own terms[,] is a state law 'relating to a controlled

substance.'" 575 F.3d at 993; *cf. Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997) (holding that petitioner's state conviction under a *generic* solicitation statute did not render him removable under 8 U.S.C. § 1227(a)(2)(B)(i)).

Thus, under *Mielewczyk*, Garcia-Ruesga's California offense qualifies as a violation of a law "relating to a controlled substance" under the modified categorical approach, making Garcia-Ruesga removable under 8 U.S.C. § 1227(a)(2)(B)(i). And because Garcia-Ruesga has not raised any other constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), his removability under 8 U.S.C. § 1227(a)(2)(B)(i) strips this court of jurisdiction over his petition for review, *see* 8 U.S.C. § 1252(a)(2)(C); *Luu-Le v. INS*, 224 F.3d 911, 914, 916 (9th Cir. 2000).

DISMISSED.