**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO MIGUEL GARCIA, | No. 05-77173 |
| Petitioner, | Agency No. A090-080-326 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| FERNANDO MIGUEL GARCIA, | No. 06-71210 |
| Petitioner, | Agency No. A090-080-326 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 12, 2010[**]
San Francisco, California

Before: HUG and BYBEE, Circuit Judges, and GWIN,[***] District Judge.

Fernando Miguel Garcia, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals order affirming an Immigration Judge's decision holding that petitioner is a removable criminal alien under 8 U.S.C. § 1227(a)(2)(B)(i) and denying petitioner's applications for further relief. We deny the petition in part and dismiss in part.

"[R]emovability under 8 U.S.C. § 1227(a)(2)(B)(i) does not turn on whether the law includes solicitation offenses. Rather . . . removability under § 1227(a)(2)(B)(i) turns on whether the statute of conviction is a law relating to controlled substances." *Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir. 2009) (internal citations omitted). Since California Health & Safety Code § 11352(a) "by its own terms is a state law relating to a controlled substance," a conviction under that statute constitutes a removable offense under 8 U.S.C. § 1227(a)(2)(B)(i)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

where the conviction "involved [ ] a federally controlled substance." *Id.* at 993, 995 (quotation marks omitted).

We employ the modified categorical approach to determine whether Garcia's conviction under California Health & Safety Code § 11352(a) involved a federally controlled substance. *See id.* at 995-96. "Under this approach, we determine whether a conviction constitutes a predicate offense for removal by examining a narrow, specified set of documents that are part of the record of conviction, including the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Mielewczyk*, 575 F.3d at 995 (quotation marks omitted). Here, both the sworn, certified criminal complaint to which Garcia pleaded guilty and the transcript of Garcia's plea proceeding establish that Garcia's § 11352 conviction involved cocaine, a federally controlled substance.

Garcia raises additional grounds in his petition for review, but our jurisdiction is limited to "constitutional claims or questions of law" over the remainder of Garcia's petition. *See* 8 U.S.C. §§ 1252(a)(2)(C) and (D). We lack jurisdiction to review what Garcia describes as "[t]he IJ's and BIA's factual errors" or the IJ's determination that Garcia failed to prove his eligibility for asylum. *See Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir. 1993) ("Factual findings, including

the determination that an alien has failed to prove his eligibility for asylum, are reviewed under the substantial evidence standard.").

Garcia's legal and constitutional claims lack merit. The police report for pandering was admissible under 8 C.F.R. § 1240.7(a), and even if the IJ had erred in admitting the report, it did not prejudice Garcia. *See Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009) ("To warrant a new hearing, the alien must [] show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (quotation marks omitted)). The record already contained proof of Garcia's two separate felony convictions, and the IJ gave no indication that he relied on the police report in denying Garcia's application.

Garcia was not prejudiced by the IJ's refusal to provide an interpreter for his mother's testimony. The record reveals that Garcia's mother testified fully and competently, even eliciting praise from the IJ at the close of her testimony. Moreover, there is no reason to believe that the IJ's ultimate decision would have been any different had an interpreter been provided for Garcia's mother.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**