**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER LUNA, | No. 09-72002 |
| Petitioner, | Agency No. A030-458-275 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Francisco Javier Luna, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo questions of law, *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009), and we grant the petition for review.

The statute of conviction, proscribes, among other offenses, an "offer to . . . transfer marijuana."  *See* Ariz. Rev. Stats. § 13-3405(A)(4).  It therefore includes a solicitation offense, *see Mielewczyk*, 575 F.3d at 998 n.4, and is not categorically a drug trafficking offense, *see United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n.4 (2002), *as recognized in Guerrero-Silva v. Holder*, 599 F.3d 1090, 1092-93 (9th Cir. 2010).  The agency therefore erred insofar as it concluded that a conviction under Ariz. Rev. Stats. § 13-3405 is categorically an aggravated felony drug trafficking crime under 8 U.S.C. § 1101(a)(43)(B).

Luna adequately exhausted this issue before the BIA and presented it on appeal, *see Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873-74 (9th Cir. 2008); *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir. 2002); *see also Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003).

Because it is unclear whether the agency applied the modified categorical approach, we remand for further proceedings.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002).  In light of our disposition, we do not reach Luna's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**