**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO AGUILAR-VILLALVAZO, | No. 06-74861 |
| Petitioner, | Agency No. A092-472-048 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:      RYMER, THOMAS, and PAEZ, Circuit Judges.

Victor Hugo Aguilar-Villalvazo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

8 U.S.C. § 1252. We review de novo constitutional claims and questions of law,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Aguilar-Villalvazo's contention that his conviction for violating California Health and Safety Code § 11352(a) is overbroad for the purpose of establishing removability under 8 U.S.C. § 1227(a)(2)(B)(i) because it prohibits solicitation to commit a controlled substance related offense is unavailing. *See Mielewczyk v. Holder*, 575 F.3d 992, 997-98 (9th Cir. 2009). We lack jurisdiction to review Aguilar-Villalvazo's contention that his conviction is overbroad because California law prohibits the possession of controlled substances not covered by the federal Controlled Substances Act as Aguilar-Villalvazo did not exhaust this argument before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We lack jurisdiction to review the BIA's discretionary denial of cancellation of removal. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890-92 (9th Cir. 2003). Aguilar-Villalvazo's contention that the IJ's alleged bias violated due process fails because he has not demonstrated prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**