**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

SALVADOR RUIZ MAGANA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72031

Agency No. A092-034-740

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Salvador Ruiz Magana, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order sustaining the government's

appeal from an immigration judge's ("IJ") grant of cancellation of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and for substantial evidence the agency's findings of fact. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We deny in part, and dismiss in part, the petition for review.

Magana's contention that his conviction for violation of California Health & Safety Code § 11360(a) is not categorically a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) is foreclosed by our decision in *Mielewczyk v. Holder*, 575 F.3d 992, 997 (9th Cir. 2009) ("[O]ur statement that 'solicitation is not a [removable] offense under [8 U.S.C. § 1227(a)(2)(B)(i)],' applied only to violations of generic solicitation laws.") (citing *Coronado-Durazo v. INS*, 123 F.3d 1322, 1326 (9th Cir. 1997)).

Contrary to Magana's contentions, the BIA did not engage in improper fact-finding under 8 C.F.R. § 1003.1(d)(3)(iv), or violate the standard of review that governs review of the IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i). The BIA's determination that Magana's evidence of rehabilitation was insufficient to merit cancellation of removal is a discretionary determination that we lack jurisdiction to review. *See Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007) (stating that the BIA's consideration of alien's rehabilitation falls within its discretionary authority and is not subject to review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**