**NOT FOR PUBLICATION**

APR 22 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALDANA-HERNANDEZ, | No. 09-74103 |
| Petitioner, | Agency No. A057-437-139 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Carlos Aldana-Hernandez, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's removal order.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  Reviewing de novo questions of law, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), we deny the petition for review.

The BIA correctly concluded that Aldana-Hernandez's conviction under California Health & Safety Code § 11352(a) renders him removable under 8 U.S.C. § 1227(a)(2)(B) because a modified-categorical analysis of the criminal complaint, read in conjunction with the minute order, establishes that his offense relates to cocaine.  *See Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir. 2009) ("[S]ection 11352(a) addresses only conduct involving controlled substances."); 21 C.F.R. § 1308.12(b)(4) (listing cocaine as a Schedule II federally controlled substance); *see also United States v. Leal-Vega*, 680 F.3d 1160, 1168-69 (9th Cir. 2012) (holding that a criminal complaint specifying a controlled substance, read together with other judicially noticeable documents confirming a plea to the complaint, may be sufficient under the modified-categorical analysis to establish a conviction involving the specified substance, as long as the record of conviction contains no ambiguity concerning the substance involved).

Aldana-Hernandez's citations to *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), and *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072 (9th Cir. 2007), do not compel a different result, where the record of conviction in each of

those cases contained ambiguities that prevented the court from linking the plea to

the factual basis stated in the criminal complaint.

**PETITION FOR REVIEW DENIED.**

09-74103