**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR GUILLERMO ALBANEZ-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72486<br><br>Agency No. A097-407-544<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:      HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Hector Guillermo Albanez-Castillo, a native and citizen of Guatemala,

petitions pro se for review of an order of the Board of Immigration Appeals

("BIA") dismissing his appeal from an immigration judge's removal order.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and review for substantial evidence factual determinations. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Albanez-Castillo's conviction under California Health and Safety Code § 11352(a) renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) because a modified-categorical analysis of the criminal complaint, read in conjunction with the minute order, establishes that his offense relates to cocaine. *See Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir. 2009) ("[S]ection 11352(a) addresses only conduct involving controlled substances."); 21 C.F.R. § 1308.12(b)(4) (listing cocaine as a Schedule II federally controlled substance). Albanez-Castillo's contention that his conviction is not a trafficking offense because he did not possess a gun when committing the offense is not relevant to whether his conviction is a controlled-substance violation under 8 U.S.C. § 1182(a)(2)(A)(i)(II). We need not reach Albanez-Castillo's challenges to the BIA's independent determination that he is also inadmissible due to his conviction under California Penal Code § 273.5. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

The BIA correctly determined that Albanez-Castillo's controlled-substance conviction renders him statutorily ineligible to seek cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C). In light of the BIA's threshold determination that Albanez-Castillo was statutorily ineligible to seek cancellation of removal, the BIA did not need to consider the merits of Albanez-Castillo's request for cancellation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004). We need not reach Albanez-Castillo's challenge, based on the petty-theft exception, to the BIA's determination that he is also ineligible for cancellation due to his conviction under California Penal Code § 273.5. *See Mendez-Alcaraz*, 464 F.3d at 844.

Substantial evidence supports the BIA's determination that Albanez-Castillo failed to establish his eligibility for withholding of removal because he had not suffered past persecution at the hands of his father, *see Tamang*, 598 F.3d at 1092, and did not demonstrate a clear probability that his father would persecute him upon his return to his home country, where he has not seen his father in more than 20 years, and the country reports show only generalized evidence of crime and violence not particular to Albanez-Castillo, *see id.* at 1094-95 ("[V]ague threats made against [a petitioner's] family . . . do not compel a finding of clear probability of future persecution."); *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir.

3                                                                    11-72486

2007) (concluding that a generalized threat of violence is insufficient to establish an objective fear of future persecution).

Albanez-Castillo waived any challenge to the BIA's denial of protection under the Convention Against Torture. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

We lack jurisdiction to review the BIA's determinations regarding Albanez-Castillo's asylum application because he is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See* 8 U.S.C. § 1252(a)(2)(C) (restricting the court's jurisdiction to review removal orders based on controlled-substance convictions).

We also lack jurisdiction to consider Albanez-Castillo's ineffective-assistance claim and his argument regarding his eligibility under California law for presentence diversion and probation, because he did not exhaust these contentions during his administrative proceedings. *See Tijani*, 628 F.3d at 1080 ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent that Albanez-Castillo seeks to renew his motion for a stay of removal, we dismiss this request as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-72486