**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARVEY ANTONIO SALAZAR, | No. 12-70001 |
| Petitioner, | Agency No. A039-729-372 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2015[**]
Pasadena, California

Before: BYBEE and BEA, Circuit Judges and FOOTE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

Harvey Antonio Salazar petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

Salazar argues the government failed to prove his conviction under California Health & Safety Code § 11352(a) was for a crime "relating to a controlled substance" so as to render him removable. *See Mielewczyk v. Holder*, 575 F.3d 992, 994–95 (9th Cir. 2009). We review the IJ's decision because the BIA adopted that decision without expressing disagreement with it. *See Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir. 2007). The IJ correctly applied the modified categorical approach and correctly held the criminal information in Salazar's case, Salazar's plea agreement, and the trial court's register proved Salazar was convicted of offering to transport cocaine, which is a crime "relating to a controlled substance." *Mielewczyk*, 575 F.3d at 995–96; 21 C.F.R. § 1308.12(b)(4). Salazar was therefore removable. *Mielewczyk*, 575 F.3d at 998–99.

Salazar also argues the BIA abused its discretion in denying his motion to remand to the IJ to assert an ineffective assistance of counsel claim. Salazar did not comply with the BIA's procedures for asserting such a claim, *see Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013), and it is not

2

"undisputed on the face of the record" that counsel was ineffective, *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). The BIA therefore did not abuse its discretion.

**DENIED**.