**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MAURICIO GUEVARA, | No. 09-73793 |
| Petitioner, | Agency No. A073-956-747 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Jose Mauricio Guevara, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him ineligible for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

The BIA correctly determined that Guevara's conviction for violating California Health and Safety Code § 11360(a) is a state law relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II) that renders him statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). *See Mielewczyk*, 575 F.3d at 994-98 & n.1 (finding the plain language of § 11352(a), a statute "largely identical" to § 11360(a), relates to a controlled substance, and "the distinction between a generic solicitation statute or one specifically aimed at controlled substances is critical when our inquiry is whether the statute of conviction is a state law relating to controlled substances").

We lack jurisdiction to consider Guevara's contention regarding the Federal First Offender Act because he failed to exhaust this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Guevara's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**