**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO HERRERA HERNANDEZ, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-72850 Agency No. A077-087-809 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Francisco Herrera Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him removable and pretermitting his

application for cancellation of removal. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009), and we deny the petition for review.

The BIA correctly determined that Herrera Hernandez's conviction under California Health and Safety Code § 11360(a) constitutes an offense in violation of a law relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II) that renders him removable and statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Mielewczyk*, 575 F.3d at 994-98 & n. 1 (finding the plain language of § 11352(a), a statute "largely identical" to § 11360(a), relates to a controlled substance, and "the distinction between a generic solicitation statute or one specifically aimed at controlled substances is critical when our inquiry is whether the statute of conviction is a state law relating to controlled substances").

We do not reach Herrera Hernandez's contentions that his first conviction was vacated and therefore does not make him removable, and that his § 11360(a) conviction is not an aggravated felony, because the BIA did not rely upon those grounds in finding him removable or ineligible for relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[O]ur review is limited to the actual grounds relied upon by the BIA." (citation and quotation marks omitted)).

We do not address Herrera Hernandez's due process contention. *See*

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) ("Issues raised in

a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**

14-72850