NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIO SERVANDO CASTRO, AKA Lucio Castro, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 13-71726 <br><br> Agency No. A092-731-361 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Lucio Servando Castro, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including whether a petitioner was convicted of an offense relating to a controlled substance. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Castro is removable for an offense relating to a controlled substance, where the minute order read in conjunction with the complaint shows his conviction under California Health and Safety Code § 11379(a) involved methamphetamine. *See* 8 U.S.C. §1227(a)(2)(B)(i); *United States v. Barragan*, 871 F.3d 689, 714-15 (9th Cir. 2017) (determining § 11379 is divisible with regard to its controlled substance element, requiring the modified categorical approach, and allowing the court to look to the record of conviction to determine the substance); 21 U.S.C. § 812(c) sched. III(a)(3) (methamphetamine is a federally controlled substance); *Mielewczyk v. Holder*, 575 F.3d 992, 995 (9th Cir. 2009) (determining a statute similar to § 11379 "relates to" a controlled substance because the plain language of the statute establishes the offense must involve one of the listed substances).

Contrary to Castro's contention, the intervening decision in *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014) (addressing the type of "admission" needed for purposes of a waiver of inadmissibility under INA § 212(h)) is inapplicable, where he did not seek a § 212(h) waiver.

We lack jurisdiction to consider Castro's unexhausted contention that the

record of conviction is unreliable because it does not contain the phrase "as charged in the information," which is nonetheless foreclosed by *United States v. Torre-Jimenez*, 771 F.3d 1163, 1168-69 (9th Cir. 2014). *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Because the Supreme Court issued its decision in *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015), Castro's motion to hold this case in abeyance pending that decision is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**