

FILED

**NOT FOR PUBLICATION**

OCT 13 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FRANCISCO JAVIER DURAN
ISORDIA, AKA "Creeper" Moniker,
AKA Francisco Duran, AKA Francisco
Javier Duran-Isordia, AKA Francisco
Javier Isordia,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71064

Agency No. A077-306-235

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020[**]
Pasadena, California

Before:  KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Duran Isordia argues the Board erred in finding he committed a removable

offense because the statute of conviction, California Health and Safety Code

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 11379(a), is overbroad under *Mathis v. United States*, 136 S. Ct. 2243 (2016). This is incorrect. This Court held in *United States v. Barragan* that Section 11379 is a divisible statute as to the controlled substance involved in the offense. 871 F.3d 689, 715 (9th Cir. 2017).

To determine which element of Section 11379 Duran Isordia was convicted of, we may under the modified categorical approach, as described in *United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014), consider the complaint, abstract of judgment, and docket sheet that were submitted in this case. They established that the offense was selling, transporting, or offering to sell methamphetamine, which is within the coverage of the Federal Controlled Substance Act, as we held in *United States v. Rodriguez-Gamboa*, __ F.3d __ (9th Cir. 2020). Duran Isordia's argument about solicitation was not raised before the Board and is in any event foreclosed by *Mielewczyk v. Holder*, 575 F.3d 992, 996–98, 996 n.1 (9th Cir. 2009).

The words "as charged" are not necessary to establish the crime to which Duran Isordia pleaded "when the record is clear," *Torre-Jimenez*, 771 F.3d at 1168–69, as it is in this case.

The petition for review is **DENIED.**