**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN ROLANDO HERNANDEZ-
AGUILAR,

　　　　　　　　　*Petitioner,*

　　　　v.

ERIC H. HOLDER JR., Attorney
General,

　　　　　　　　　*Respondent.*

No. 06-71945

Agency No.
A092-703-483

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2009*
Pasadena, California

Filed November 25, 2009
Amended January 12, 2010

Before: William A. Fletcher and Richard R. Clifton,
Circuit Judges, and Louis H. Pollak,** District Judge.

Opinion by Judge W. Fletcher

---

　*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

　**The Honorable Louis H. Pollak, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

859

## COUNSEL

Howard Robert Davis, Santa Monica, California, Juan Rolando Hernandez-Aguilar, Pro Se, for the petitioner.

Bryan Stuart Beier, US DEPARTMENT OF JUSTICE, Washington, D.C., for the respondent.

## ORDER

The court's opinion, filed November 25, 2009, and published at *Hernandez-Aguilar v. Holder*, 587 F.3d 1034 (9th Cir. 2009), is hereby amended as follows:

The final paragraph of the opinion previously read:

> Following *Mielewczyk*, we hold that a conviction under § 11379(a) categorically qualifies for removal under § 1182(a)(2)(A)(i)(II), so long as the substance involved in the conviction is a controlled substance, irrespective of whether the underlying offense was solicitation. Hernandez-Aguilar does not dispute that the substance involved in his conviction was methamphetamine, which is a controlled substance. *See* 21 U.S.C. § 812 scheds. II(c), III(a)(3). Therefore, his conviction categorically qualifies him for removal.

*Hernandez-Aguilar v. Holder*, No. 06-71945, slip op. 15603, 15608-09 (9th Cir. Nov. 25, 2009). The opinion is amended so that the final paragraph now reads:

> Following *Mielewczyk*, we hold that a conviction under § 11379(a), irrespective of whether the underlying offense was solicitation, qualifies for removal under § 1182(a)(2)(A)(i)(II), so long as the substance

involved in the conviction is determined to have been a controlled substance under the modified categorical approach. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) (noting that California law regulates the possession and sale of numerous substances that are not similarly regulated by the federal Controlled Substances Act). Hernandez-Aguilar does not dispute that the substance involved in his conviction was methamphetamine, which is a controlled substance. *See* 21 U.S.C. § 812 scheds. II(c), III(a)(3). Therefore, his conviction qualifies him for removal.

---

## OPINION

W. FLETCHER, Circuit Judge:

Juan Rolando Hernandez-Aguilar petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") final order of removal. The BIA held that Hernandez-Aguilar's conviction under California Health and Safety Code § 11379(a) qualifies as a basis for removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which makes removable any alien "convicted of a violation of (or a conspiracy or attempt to violate) any law . . . of a State . . . relating to a controlled substance (as defined in section 802 of title 21)." We deny the petition for review.

### I.  Background

Hernandez-Aguilar is a native and citizen of Mexico. He was born in Tijuana, Mexico in 1972 and entered the United States as an infant in 1973. Hernandez-Aguilar was granted temporary resident status, but that status was revoked in May of 1997.

Beginning in 1997, the Immigration Naturalization Service[1] ("INS") sought to remove Hernandez-Aguilar, claiming that his prior conviction under California law makes him removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) (violation of law relating to a controlled substance) and 8 U.S.C. § 1182(a)(2)(C) (known or believed controlled substance trafficker).

The INS provided evidence that Hernandez-Aguilar was previously convicted in California state court for violating California Health and Safety Code § 11379(a), which states in relevant part:

> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . shall be punished by imprisonment in the state prison for a period of two, three, or four years.

The evidence the government provided to the IJ consisted of a Felony Complaint and a Minute Order of the Superior Court for Ventura County. According to the Minute Order, Hernandez-Aguilar pled guilty on November 3, 1995 to one of two charged counts. The count to which he pled guilty charged that:

> On or about August 23, 1995 . . . the crime of SALE OF A CONTROLLED SUBSTANCE, in violation of HEALTH AND SAFETY CODE SECTION 11379(a), a Felony, was committed by JOHN ROL-

---

[1] On March 1, 2003, the INS ceased to exist and its functions were transferred to the newly created Department of Homeland Security, pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. Because the relevant agency actions took place before this transfer, we refer to the INS in this opinion.

> LAND HERNANDEZ, who did willfully and unlaw-
> fully transport a controlled substance, to wit,
> methamphetamine.

The IJ sustained the charges against Hernandez-Aguilar and held him removable to Mexico. The IJ rejected Hernandez-Aguilar's argument that because § 11379(a) encompasses solicitation it is over-inclusive with respect to § 1182(a)(2)(A)(i)(II), requiring application of the modified categorical approach. In any event, the IJ concluded that the Minute Order and the Felony Complaint provide clear and convincing evidence that Hernandez-Aguilar was convicted for the underlying offense of transporting and selling methamphetamine, not solicitation. The IJ concluded that he is therefore removable under both § 1182(a)(2)(A)(i)(II) and § 1182(a)(2)(C). After finding Hernandez-Aguilar removable, the IJ granted him voluntary departure.

The BIA rejected Hernandez-Aguilar's appeal. The BIA rested its decision entirely on its conclusion "that Cal. Health & Safety Code § 11379(a) is 'a law . . . of a State . . . relating to a controlled substance,' such that [Hernandez-Aguilar's] conviction under it qualifies as a basis for removability under [§ 1182(a)(2)(A)(i)(II)]." It held that "even were [it] to assume that [Hernandez-Aguilar] had been convicted of 'offering' to sell, transport, etc., a controlled substance, the crime would nonetheless qualify as a controlled substance violation." Relying solely on this conclusion, the BIA found it unnecessary to address whether Hernandez-Aguilar is removable under 8 U.S.C. § 1182(a)(2)(C).

Hernandez-Aguilar petitioned for review by this court.

## II.   Standard of Review

"Whether a particular conviction is a [removable] offense is a question of law we review de novo." *Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000). We have jurisdiction under 8

U.S.C. § 1252(a)(2)(D) to review questions of law raised by the BIA's final order. *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009).

## III.   Discussion

"To determine whether a conviction constitutes a predicate offense for removal purposes, we use the analytical model constructed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990)." *Mielewczyk*, 575 F.3d at 994 (internal quotation marks omitted) (determining whether a conviction constitutes a crime relating to a controlled substance); *see also Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1127 (9th Cir. 2007) (determining whether a conviction under California Health and Safety Code § 11379(a) constitutes an aggravated felony).

*Taylor* prescribes a two-step test. We begin by examining whether a conviction under California Health and Safety Code § 11379(a) categorically qualifies as a crime relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Sandoval-Lua*, 499 F.3d at 1127. If so, Hernandez-Aguilar's conviction under § 11379(a) automatically renders him removable. *See id.* The court engages in the second step, the modified categorical approach, only if a conviction under § 11379(a) does not categorically qualify as a crime relating to a controlled substance under § 1182(a)(2)(A)(i)(II). *See Mielewczyk*, 575 F.3d at 995.

**[1]** Hernandez-Aguilar argues that because § 11379(a) prohibits solicitation, it is over-inclusive with respect to § 1182(a)(2)(A)(i)(II), and therefore the BIA erred by finding that his conviction categorically qualifies him for removal. The Ninth Circuit recently rejected this argument as it relates to a parallel statute containing the same relevant language as the statute at issue in this case. *See Mielewczyk*, 575 F.3d at 996-99. In *Mielewczyk*, the petitioner was convicted of offering to transport heroin in violation of California Health and

Safety Code § 11352(a). *Id.* at 994. The IJ and BIA held this conviction to be a removable offense within the definition of 8 U.S.C. § 1227(a)(2)(B)(i). *Id.* The court affirmed.

**[2]** Following *Mielewczyk*, we hold that a conviction under § 11379(a), irrespective of whether the underlying offense was solicitation, qualifies for removal under § 1182(a)(2)(A)(i)(II), so long as the substance involved in the conviction is determined to have been a controlled substance under the modified categorical approach. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) (noting that California law regulates the possession and sale of numerous substances that are not similarly regulated by the federal Controlled Substances Act). Hernandez-Aguilar does not dispute that the substance involved in his conviction was methamphetamine, which is a controlled substance. *See* 21 U.S.C. § 812 scheds. II(c), III(a)(3). Therefore, his conviction qualifies him for removal.

PETITION DENIED