**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FERNANDO ROMERO PINEDA, aka
Fernando Romero,

      Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

      Respondent.

Nos. 06-75006 and 07-71663

Agency No. A090-100-366

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2010
San Francisco, California

Submission Vacated December 16, 2010

Resubmitted May 1, 2012

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Fernando Romero-Pineda ("Pineda"), a lawful permanent resident, challenges

a 2006 Board of Immigration Appeals ("BIA") order finding him removable as an

---

     \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

aggravated felon and for conviction of a controlled substance violation (Petition No. 06-75006). He also challenges the BIA's 2007 denial of his motion to reopen to adjust status (Petition No. 07-71663).

Pineda argues that the BIA erred in concluding that his 1995 conviction for sale of methamphetamine constituted an aggravated felony. However, the case on which he relies, *United States v. Snellenberger*, 493 F.3d 1015 (9th Cir. 2007), was withdrawn and overruled en banc subsequent to the filing of his brief, *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc). Here, the charging papers indicate Pineda was charged with selling methamphetamine and the abstract of judgment indicates he pled guilty to "sell cntrl sub/meth." "We have permitted reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011), *cert. denied*, ___ S. Ct. ___, 2012 WL 895972 (2012). As methamphetamine is a federally-listed substance, the BIA and IJ correctly held that Pineda's § 11379(a) conviction qualifies as an aggravated felony and renders him removable. *Cf. Hernandez-Aguilar v. Holder*, 594 F.3d 1069, 1073 (9th Cir. 2010).

This court thus lacks jurisdiction over the removal order that forms the basis of appeal No. 06-75006. *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000); 8 U.S.C.

2

§ 1252(a)(2)(C).[1] In addition, because Pineda was convicted of an aggravated felony, the BIA correctly held that Pineda was ineligible for cancellation of removal. 8 U.S.C. § 1229b(a).

Finally, the BIA did not violate due process by denying a continuance to adjust status (Petition No. 06-75006) or by denying the motion to reopen for adjustment of status (Petition No. 07-71663). In both instances, the BIA properly applied precedent and determined that, regardless of Pineda's arguments regarding his 1995 convictions, his 2005 controlled substance conviction rendered him inadmissible, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and therefore ineligible for adjustment of status, 8 U.S.C. § 1255(a). Because Pineda could not establish prima facie eligibility for adjustment, it was not error to deny the continuance or to deny his motion to reopen. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (*quoting In re S-V*, 22 I & N Dec. 1306 (BIA 2000)).

**PETITION No. 06-75006 DISMISSED IN PART, DENIED IN PART; PETITION No. 07-71663 DENIED**.

---

[1] Because the BIA correctly concluded Pineda was removable as an aggravated felon for his California Health and Safe Code § 11379 conviction, we need not address Pineda's arguments regarding the BIA's classification of his California Penal Code § 261.5 conviction as an aggravated felony.