**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIANO AVALOS DIMAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72911 <br><br> Agency No. A43-806-964 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2013[**]
San Francisco, California

Before: MCKEOWN and WATFORD, Circuit Judges, and DUFFY, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Luciano Avalos Dimas ("Petitioner"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision finding him removable and ineligible for cancellation of removal based on his conviction of an aggravated felony under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (2012). We have jurisdiction to determine whether a particular offense constitutes a removable aggravated felony under the INA. *See Barragan-Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013). For the reasons stated herein, Petitioner's conviction of attempting to commit a lewd act on a child less than fourteen years of age under section 288(a) of the California Penal Code constitutes a removable offense. We therefore deny the petition.

We review de novo questions of law, including "[w]hether a particular conviction is a [removable] offense." *Hernandez-Aguilar v. Holder*, 594 F.3d 1069, 1072 (9th Cir. 2010) (second alteration in original) (quotation omitted). The court conducts the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 600 (1990), to determine whether a state law conviction is a removable offense under the INA. *See Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1125 (9th Cir. 2006) (en banc).

Here, Petitioner was convicted of attempting to commit a lewd act on a child less than fourteen years of age under California Penal Code § 288(a), and attempting to send harmful material to seduce a child in violation of § 288.2(b). Based on his § 288(a) conviction alone, the BIA ordered Petitioner's removal as an alien convicted of the aggravated felonies of attempted sexual abuse of a minor, INA §§ 101(a)(43)(A) and (U), 8 U.S.C. §§ 1101(a)(43)(A) and (U), and an attempted crime of violence, INA §§ 101(a)(43)(F) and (U), 8 U.S.C. §§ 1101(a)(43)(F) and (U). [1]

Petitioner's argument that, categorically, California "attempt" is broader than the generic common law definition is inapposite. We have expressly held that California "attempt" is coextensive with the common law meaning of the offense. *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1108 (9th Cir. 2009). Similarly, our holding in *United States v. Velasquez-Bosque*, 601 F.3d 955 (9th Cir. 2010), forecloses Petitioner's contention that California "attempt" is broader than the generic federal definition because California does not recognize the

---

[1] Petitioner failed to raise in his petition for review the issue of whether a § 288(a) conviction constitutes a crime of violence under INA § 101(a)(43)(F). He therefore waived any challenge to that determination. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived." (citation omitted)). In any event, the issue has long been settled. *See United States v. Medina-Villa*, 567 F.3d 507, 516 (9th Cir. 2009).

affirmative defenses of renunciation or abandonment. There, we held that "[t]he availability of an affirmative defense is not relevant to the categorical analysis." *Id.* at 963; *see also Gil v. Holder*, 651 F.3d 1000, 1005–06 (9th Cir. 2011); *United States v. Charles*, 581 F.3d 927, 935 (9th Cir. 2009).

Clearly established precedent is also dispositive of Petitioner's claim that § 288(a) is not coextensive with the generic federal definition of "sexual abuse of a minor." This court has "repeatedly held that California Penal Code § 288(a) categorically involves 'sexual abuse of a minor.'" *United States v. Farmer*, 627 F.3d 416, 420 (9th Cir. 2010) (citing *Medina-Villa*, 567 F.3d at 516; *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999)).

We decline to consider Petitioner's remaining arguments that California Penal Code § 288.2(b) is not the categorical equivalent of sexual abuse of a minor under INA § 237(a)(2)(A)(iii), and that it is not a crime of violence as defined in 18 U.S.C. § 16 (2012). Because Petitioner is removable and statutorily ineligible for cancellation of removal based on his conviction under § 288(a), remand to decide these remaining issues is unnecessary. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

**PETITION DENIED**.