**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN BARRAGAN-ZEPEDA, | No. 13-71296 |
| Petitioner, | Agency No. A030-531-897 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Esteban Barragan-Zepeda ("Barragan"), a lawful permanent resident,

petitions for review of the Board of Immigration Appeals' decision affirming an

immigration judge's determination that he was removable and denial of his

applications for asylum and cancellation of removal.  We have jurisdiction

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pursuant to 8 U.S.C. § 1252, and we grant the petition with respect to asylum and cancellation of removal and remand.

I

Contrary to the government's contention, Barragan's removability, asylum, and cancellation of removal claims have been exhausted. "[W]hen the BIA cites *Burbano* in its decision, all issues presented before the IJ are deemed to have been presented to the BIA." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc)). Here, Barragan raised his challenge to removability and his asylum and cancellation of removal claims before the IJ, and the BIA cited *Burbano*. All issues are therefore exhausted.

II

The IJ properly determined that Barragan was removable. Our precedent establishes that California Health and Safety Code § 11379(a) is overbroad and divisible. *Coronado v. Holder*, --- F.3d ---, 2014 WL 983621, at *4 n.3 (9th Cir. 2014); *S-Yong v. Holder*, 600 F.3d 1028, 1034 n.5 (9th Cir. 2010); *Hernandez-Aguilar v. Holder*, 594 F.3d 1069, 1073 (9th Cir. 2010). Thus, the IJ correctly used the modified categorical approach to determine whether the substance involved in Barragan's conviction was a controlled substance under the Controlled

Substances Act.  *Descamps v. United States*, 133 S. Ct. 2276, 2284–85 (2013); *Hernandez-Aguilar*, 594 F.3d at 1073.  Because Barragan's permissible conviction record established that the substance was methamphetamine, which is a controlled substance under the Act, *see* 21 U.S.C. § 812 scheds. II(c), III(a)(3), Barragan was removable.

## III

The IJ based her determination that Barragan's proposed social groups were not legally cognizable on case law that pre-dated and has been distinguished and overruled by our recent opinion in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), and by the BIA's recent opinions in *Matter of W-G-R-*, 26 I&N Dec. 208 (BIA 2014), and *Matter of M-E-V-G-*, 26 I&N Dec. 227 (BIA 2014).  Accordingly, we grant the petition and remand for consideration of Barragan's proposed social groups of government informants and individuals who resist gang recruitment under *Henriquez-Rivas*, *Matter of W-G-R-*, and *Matter of M-E-V-G-*.

## IV

Although we lack jurisdiction to review a discretionary "judgment regarding the granting of relief under section . . . 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction over "constitutional claims or questions of law," 8 U.S.C. §

3

1252(a)(2)(D). Because Barragan argues that the IJ failed to consider certain factors and the record as a whole in making her discretionary determination, we have jurisdiction to hear his claim. *Vilchez v. Holder*, 682 F.3d 1195, 1200–01 (9th Cir. 2012).

The IJ committed legal error in making her discretionary determination that Barragan did not warrant cancellation of removal. The IJ considered impermissible evidence of Barragan's criminal history, failed to consider all relevant factors in relation to his criminal history, failed to comprehensively consider his family ties and character, and failed to consider his substantial service to the community as a DEA informant, all of which were relevant to this case. *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 833–34 (9th Cir. 2011). Accordingly, we grant the petition and remand for consideration of all relevant factors and all record evidence.

We need not, and do not, reach any other issues urged by the parties.

Each party shall bear their own costs for this petition review.

**PETITION DENIED in part, GRANTED in part, and REMANDED.**

4