Filed 1/4/21  P. v. Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR MUNOZ GARCIA,<br><br>   Defendant and Appellant. | 2d Crim. No. B303684<br>(Super. Ct. No. 1329359)<br>(Santa Barbara County) |

     Salvador Munoz Garcia appeals from the trial court's denial of his motion to vacate his no contest plea to transporting methamphetamine.  (Pen. Code,[1] § 1473.7; see Health & Saf. Code, § 11379, subd. (a).)  The grounds for Garcia's appellate challenge are not precisely clear.  He appears to contend that:  (1) based on the terms of his plea, he is entitled to dismissal and expungement of his conviction pursuant to Proposition 36 (Prop. 36; see § 1210 et seq.), and (2) he would not have accepted the plea had counsel explained the difference between transporting

---

   [1] Unlabeled statutory references are to the Penal Code.

methamphetamine for personal use and transporting methamphetamine for sales purposes. We disagree with both contentions, and affirm.

FACTUAL AND PROCEDURAL HISTORY

During a December 2009 traffic stop, a sheriff's deputy found 10 baggies of methamphetamine on Garcia's person, and marijuana and a marijuana pipe in his car. Garcia told the deputy that he did not use methamphetamine, but did sell it to make money. He also said that he possessed the 10 baggies for sales purposes.

Prosecutors charged Garcia with transporting methamphetamine, possessing methamphetamine for sale (Health & Saf. Code, § 11378), and possessing marijuana while driving (Veh. Code, § 23222, subd. (b)). Garcia pled no contest to the transportation charge in exchange for the dismissal of the two possession charges. He acknowledged that his plea would have immigration consequences. He also said that his attorney and interpreter went over his plea with him and that he understood it. The trial court accepted Garcia's plea, suspended imposition of sentence, and ordered him to serve three years of formal probation.

In 2019, Garcia moved to vacate his conviction pursuant to section 1473.7. In his motion, Garcia claimed that "[n]o one ever explained the difference . . . between transportation for [the purpose of] sales and transportation for personal use" to him, and that he was not advised that he would have been entitled to Prop. 36 relief had "the jury [made] a finding of 'transportation for personal use.'" Had he been properly advised, he would not have entered his plea but would have instead proceeded to trial.

2

Trial counsel submitted a declaration in support of Garcia's motion. Counsel asserted that he did not advise Garcia that the jury would have had to find that Garcia transported methamphetamine for the purpose of sales to convict him. Counsel also asserted that Garcia consistently "maintained [that] his possession was for personal use."

Prosecutors opposed Garcia's motion. They said that they would not have agreed to a disposition that made Garcia eligible for Prop. 36 probation, but would have instead added non-drug-related misdemeanor charges had he proceeded to trial. They also argued that Garcia failed to show prejudicial error, as required by section 1473.7, because the evidence against him was extremely strong and because the charge to which he pled had more favorable immigration consequences than possession for sale. Specifically, at the time he pled, any "trafficking offense" was deemed an "aggravated felony" for immigration purposes, the consequence of which was mandatory deportation. Trafficking offenses included selling methamphetamine and possessing methamphetamine for sale, but not transporting methamphetamine for personal use. The latter offense permitted limited exceptions to deportation.

The trial court denied Garcia's motion. It concluded that Garcia did not show that he would have been entitled to Prop. 36 relief, nor did he show that he would have rejected the plea bargain because it was a "huge benefit to him at the time." The least adjudicated elements of Garcia's offense established only that he transported methamphetamine, not that he transported it for sales purposes, allowing him to argue in immigration court that the drug was for personal use and was thus not a trafficking offense. The court said that it was willing

3

to issue an order clarifying that there was no admission or finding that Garcia's transportation was for sales purposes.

DISCUSSION

*Prop. 36*

When Garcia pled no contest to transporting methamphetamine, Health and Safety Code section 11379, subdivision (a), did not require that the transportation be for the purpose of sales. (See *People v. Glasper* (2003) 113 Cal.App.4th 1104, 1115 (*Glasper*).) Garcia thus contends he was entitled to the dismissal of his conviction pursuant to Prop. 36. (See *People v. Dove* (2004) 124 Cal.App.4th 1, 7-11 [relief available where transportation was for personal use].) But as the prosecutor stated in the proceedings below, because there was strong evidence that Garcia did, in fact, transport methamphetamine for sales purposes, he would not have agreed to a disposition that made Garcia eligible for Prop. 36 probation. (See § 1210.1, subd. (b)(2) [conviction of non-drug-related misdemeanor renders defendant ineligible for Prop. 36 relief].) Garcia has not attempted to refute the prosecutor's statement. He thus fails to show that he was entitled to dismissal and expungement of his conviction pursuant to Prop. 36.

*Section 1473.7*

Garcia next contends the trial court erred when it denied his motion to vacate his plea because he would not have pled no contest had counsel explained to him that, by doing so, he was admitting that he transported methamphetamine for sales purposes. But as the court explained during the proceedings below, that was not the law when Garcia pled; the transportation could also have been for personal use. (See *Glasper*, *supra*, 113 Cal.App.4th at p. 1115.) The court even offered to make a finding

4

that Garcia never admitted to transporting methamphetamine for sales purposes. The foundation on which Garcia bases his contention thus lacks factual support in the record.

And even if there were support for it, we would nevertheless reject it. "A person who is no longer in criminal custody may file a motion to vacate a conviction [if] . . . [¶] [t]he conviction . . . is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).) The moving party has the burden of showing, by a preponderance of the evidence, that they are entitled to section 1473.7 relief. (*Id.*, subd. (e)(1).) They may do so by "'convincing the [trial] court that [they] would have chosen to lose the benefits of the plea bargain despite the possibility or probability deportation would nonetheless follow.'" (*People v. Camacho* (2019) 32 Cal.App.5th 998, 1010, alterations omitted.) We review the decision on a section 1473.7 motion for abuse of discretion. (*People v. Rodriguez* (2019) 38 Cal.App.5th 971, 977.)

The trial court did not abuse its discretion when it denied Garcia's section 1473.7 motion because he has not shown that his decision to plead no contest to violating Health and Safety Code section 11379, subdivision (a), was based on the distinction between transporting methamphetamine for sales purposes and transporting the drug for personal use. For purposes of federal immigration law, transporting methamphetamine for personal use is an offense involving a "controlled substance," while transporting methamphetamine for sales purposes is an "aggravated felony." (*U.S. v. Navidad-Marcos* (9th Cir. 2004) 367 F.3d 903, 907-908.) A defendant

convicted of either a felony involving a controlled substance or an aggravated felony is deportable. (*Hernandez-Aguilar v. Holder* (9th Cir. 2010) 594 F.3d 1069, 1073; see 8 U.S.C. §§ 1227(a)(2)(A)(iii) [aggravated felony], 1227(a)(2)(B)(i) [controlled substance felony].) But a defendant convicted of the former may raise defenses to deportation—including asylum, cancellation of removal, and voluntary departure—that are unavailable to a defendant convicted of the latter. (8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1229b(a)(3), 1229c(a)(1).)

Here, however, Garcia has not claimed that he had any basis to raise one of the defenses to deportation. A conviction for transporting methamphetamine for personal use thus carried the same potential immigration consequences as a conviction for transporting methamphetamine for sales purposes. Accordingly, Garcia has suffered no prejudice based on any difference between the two offenses.

## DISPOSITION

The trial court's order denying Garcia's motion to vacate his no contest plea, entered December 17, 2019, is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

6

Brian Hill, Judge

Superior Court County of Santa Barbara

_____

Law Office of Alan G. Karow and Alan G. Karow for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.