**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OCTAVIO DE LEON, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1716 <br><br> Agency No. <br> A047-396-091 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2025[**]
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Petitioner Octavio De Leon, a native and citizen of Guatemala, seeks review

of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from an

Immigration Judge's ("IJ") order of removal. The BIA concluded that De Leon's

conviction for trafficking in methamphetamine in violation of Nevada Revised

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Statute ("N.R.S.") § 453.3385 renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). The BIA also affirmed and adopted the IJ's discretionary denial of De Leon's application for cancellation of removal.

Under 8 U.S.C. § 1252(a)(2)(C), we lack "jurisdiction to review any final order of removal against [a noncitizen] who is removable by reason of having committed a criminal offense" under 8 U.S.C. § 1227(a)(2)(B)(i). But "constitutional claims or questions of law" pertaining to a final order of removal are still reviewable. 8 U.S.C. § 1252(a)(2)(D). We thus have jurisdiction to review De Leon's challenge to the BIA's divisibility analysis and his due process claims because they are pure legal issues, and we review them de novo. *See Romero-Millan v. Garland*, 46 F.4th 1032, 1039–1040 (9th Cir. 2022); *Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018). We lack jurisdiction to review the discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) ("[I]f the IJ decides a noncitizen is *eligible* for cancellation of removal at step one, his step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law."). We deny the petition in part and dismiss in part.

1. To remove a noncitizen under 8 U.S.C. § 1227(a)(2)(B)(i), the government must show that a noncitizen was "convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance" as defined in 21

U.S.C. § 802. The parties agree that N.R.S. § 453.3385 is overbroad because it includes controlled substances not listed in 21 U.S.C. § 802. However, the parties disagree as to whether the statute is divisible with respect to its controlled substance requirement.[1]

A statute is divisible if it "'sets out one or more *elements* of the offense in the alternative' as opposed to listing alternative *means* of committing the crime." *Romero-Millan*, 46 F.4th at 1041 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). To determine if a statute is divisible, we consider the statute's text, "how state courts have construed the statute of conviction," and the petitioner's conviction documents. *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1089 (9th Cir. 2020) (quoting *Rivera v. Lynch*, 816 F.3d 1064, 1078 (9th Cir. 2016)); *accord Mathis v. United States*, 579 U.S. 500, 517–18 (2016).

Here, Nevada Supreme Court decisions "definitively answer[]" whether N.R.S. § 453.3385 is divisible. *Mathis*, 579 U.S. at 517. In *Andrews v. State*, the

---

[1] De Leon also argues that N.R.S. § 453.3385 is overbroad and indivisible with respect to its actus reus requirement. But "to trigger removal under [8 U.S.C.] § 1227(a)(2)(B)(i)," the government merely needs to "connect an element of the [noncitizen's] conviction to a drug defined in [21 U.S.C.] § 802." *Mellouli v. Lynch*, 575 U.S. 798, 813 (2015) (internal quotation marks and alteration omitted); *see also Tejeda v. Barr*, 960 F.3d 1184, 1187−88 (9th Cir. 2020) (per curiam) ("Unlike many federal statutes under which state convictions serve as predicates for consequences when they relate to some kind of conduct, [8 U.S.C. §] 1227(a)(2)(B)(i) imposes consequences for state convictions that relate to a federally controlled substance." (cleaned up)).

Nevada Supreme Court held that N.R.S. § 453.3385 "creates a separate offense for each schedule I controlled substance simultaneously possessed by a person." 412 P.3d 37, 38 (Nev. 2018). "*Andrews* linked the unit of prosecution to the identity of the specific drug. Thus, *Andrews* indicates that the identity of a substance is an element of the crime." *Figueroa-Beltran v. United States*, 467 P.3d 615, 623 (Nev. 2020); *see also United States v. Figueroa-Beltran*, 995 F.3d 724, 730–32 (9th Cir. 2021) (relying on the Nevada Supreme Court's decisions in *Andrews* and *Figueroa-Beltran* to hold that a similar Nevada controlled substance statute is divisible with respect to the listed substances).

The statute's text and De Leon's conviction records also support divisibility. Although not dispositive, the statute's disjunctive phrasing suggests that the identity of a controlled substance is an alternative element of the offense. *See Gomez Fernandez*, 969 F.3d at 1089. And De Leon's conviction records "indicate, by referencing [methamphetamine] to the exclusion of all other[]" controlled substances, that the statute contains a list of alternative elements, "each of which goes toward a separate crime." *Mathis*, 579 U.S. at 519.

We thus conclude that N.R.S. § 453.3385 is divisible, and it is appropriate to apply the modified categorical approach to find De Leon's conviction related to a controlled substance as defined in 21 U.S.C. § 802. *See Mielewczyk v. Holder*, 575 F.3d 992, 995–96 (9th Cir. 2009) ("Because the charging document and the plea

agreement establish that the crime involved heroin, the government has met its burden to prove that Mielewczyk's conviction involved a substance listed in the federal schedules of the CSA."); *see also* 21 U.S.C. §§ 802(6), 812.

2.      De Leon argues that the IJ violated his due process rights by improperly shifting the burden of proving N.R.S. § 453.3385's divisibility from the government to De Leon and by failing to act as a neutral fact finder. But the record does not support De Leon's claim. In any event, De Leon fails to show prejudice. *Lianhua Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014) ("Because Petitioner has failed to show that the IJ prevented her from presenting evidence and because Petitioner has failed to articulate how this alleged deprivation prejudiced her, her due process challenge must fail.").

3.      Though De Leon frames it as a due process challenge, he contests the agency's discretionary denial of his application for cancellation of removal. The BIA adopted and affirmed the IJ's discretionary denial, and we lack jurisdiction to review its decision. We dismiss the petition as to this claim for lack of jurisdiction.[2] *Wilkinson*, 601 U.S. at 225 n.4.

The petition is **DENIED in part and DISMISSED in part.**

---

[2]     De Leon's motion for stay of removal, Dkt. 4, is denied as moot.